[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14826
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00422-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGGIE ANDREWS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 4, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Reggie Andrews, Jr., appeals his conviction for one count of armed bank

robbery, in violation of 18 U.S.C. § 2113(a), (d), and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He argues that his codefendants' testimony against him was incredible and that there were discrepancies in the other witnesses' descriptions of the robbers, such that the evidence was insufficient to support his conviction.

Where, as here, the defendant fails to make a motion for judgment of acquittal at the close of all evidence, he forecloses any review of sufficiency of the evidence, except where a miscarriage of justice would result. *United States v. Tapia*, 761 F.2d 1488, 1491 (11th Cir. 1985) (internal quotation marks and citation omitted) (per curiam). The miscarriage-of-justice standard "require[s] a finding that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Id.* at 1492 (internal quotation marks and citation omitted). We will affirm a guilty verdict "unless no trier of fact could have found guilt beyond a reasonable doubt." *United States v. Toler*, 144 F.3d 1423, 1428 (11th Cir. 1998) (citation omitted).

We draw all reasonable inferences and credibility determinations in favor of the government. *United States v. Ellisor*, 522 F.3d 1255, 1271 (11th Cir. 2008). "[T]he jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial. . . ." *Id.* (quoting *United States v.*

2

*Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007)). Because credibility determinations are within the exclusive province of the jury, we will not overturn them unless the testimony was incredible as a matter of law. *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (citations omitted). A government witness's testimony is only incredible as a matter of law if it is "unbelievable on its face," meaning that it describes "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* (internal quotation marks, alterations, and citation omitted). "[T]he fact that the witness has consistently lied in the past, engaged in various criminal activities, and thought that his testimony would benefit him does not make his testimony incredible." *Id.* (internal quotation marks, alterations, and citations omitted).

In order to convict a defendant for armed bank robbery, the government must prove beyond a reasonable doubt that he (1) took money or property (2) belonging to a bank (3) from the person or presence of another (4) by force and violence or by intimidation. 18 U.S.C. § 2113(a). Section 2113(d) further requires proof beyond a reasonable doubt that the defendant put a person's life in jeopardy by using a dangerous weapon or that he assaulted a person during commission of the bank robbery. *Id*. at § 2113(d). "The use of a gun [during the robbery] is *per se* sufficient cause to impose the enhanced sentence" in § 2113(d). *United States v.*

3

*Tutt*, 704 F.2d 1567, 1569 (11th Cir. 1983) (internal quotation marks and citation omitted) (per curiam). In order to convict Andrews under § 924(c), the government was required to prove beyond a reasonable doubt that he (1) committed a federal crime of violence and (2) brandished a firearm "during and in relation to" that crime. 18 U.S.C. § 924(c)(1)(ii).

Upon review of the record and consideration of the parties' briefs, we affirm. The government presented ample evidence in support of Andrews' conviction. Not only did the government offer the testimony of multiple witnesses to the robbery, the testimony of Andrews' codefendants implicating Andrews, and the testimony of a sergeant in the United States Army who Andrews used as an alibi, the government presented significant physical evidence linking Andrews to the crime.

The government presented evidence that Andrews entered the Wachovia carrying a shotgun and duffel bag, while wearing a ski mask and gloves; that he pointed a shotgun at the tellers and a customer; and, that one of Andrews' codefendants struck that customer with his own shotgun. The government also presented evidence that Andrews instructed the tellers to put their money into the duffel bag and that he was holding the bag when the dye packs exploded during the escape. Physical evidence, including Andrews' DNA on the dye-stained gloves,

4

and cellular telephone records corroborated the various witnesses' testimony. None of the witnesses' testimony was incredible as a matter of law, and the jury was free to choose among the reasonable conclusions to be drawn from all the evidence. Drawing all reasonable inferences in favor of the jury's verdict, none of the evidence on any element of the offenses is tenuous.

For the foregoing reasons, we affirm Andrews' convictions.

**AFFIRMED.**